(29 Misc. Rep. 588.)

HENRY HUBER CO. v. WARREN.

(City Court of New York, General Term.  November 16, 1899.)

SECURITY FOR COSTS—FOREIGN CORPORATIONS.
    Code Civ. Proc. § 3268, provides that defendant may require security for costs, where plaintiff resides without the state; and section 3160 provides that a plaintiff who has an office for the transaction of business in person within New York City is a resident of the city. *Held*, that a foreign corporation, plaintiff in an action, is not exempt from giving security for costs because it has a place of business in New York City; for it is not a person, within such sections.

Appeal from special term.

Action by the Henry Huber Company against William S. Warren. From an order denying his motion for security for costs, defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and McCARTHY and CONLAN, JJ.

Joseph I. Berry, for appellant.
Donald McLean, for respondent.

CONLAN, J.  This is an appeal from an order denying a motion on the part of the defendant to compel the plaintiff to file the security for costs. The plaintiff is a foreign corporation having an office and place of business in the city of New York. A foreign corporation is not a person, within the meaning of section 3268 of the Code of Civil Procedure, and is not, therefore, exempt for that

reason from the obligations of that section, simply because of its having a place of business or an office within the city of New York. In construing section 3268, the court, in Republic of Honduras v. Soto, 112 N. Y. 310, 19 N. E. 845, 2 L. R. A. 642, says, "The word 'person' was, we think, used in its enlarged sense, as comprising all legal entities except foreign corporations." The section itself expressly designates in subdivision 2, a foreign corporation as liable to give security for costs, and this, too, without regard to whether it has an office or place of business within the city; and it was distinctly held in Kennedy v. McCormack (City Ct. N. Y.) 3 N. Y. Supp. 214, that a foreign corporation, having a place of business within the city of New York, is not deemed a resident of that city, constructively or otherwise, and it may be required to give security for costs. The language of section 3160 is not ambiguous. It says the plaintiff in an action brought in a city court, who has an office for the regular transaction of business in person within the city of New York, is deemed a resident, within the meaning of sections 3268 and 3269; but it was distinctly held in Kennedy v. McCormack, supra, that a foreign corporation is not a person, and could not be so held to be, because it does not and cannot transact business in person, but must do it, necessarily, through its officers and agents. A special definition is given to the word "person," in section 3358, in proceedings for the condemnation of real property, where it is made to include a corporation, joint-stock association, and the like; and this section lends additional force to the belief that the legislature did not intend, under any of the general provisions of the Code, to thus far extend its signification. The word "person" is expressly omitted from among the definitions contained in section 3334; and we are, for the reasons given, of the opinion that a foreign corporation is not exempt, for any reason whatever, from the provisions of section 3268, requiring a nonresident plaintiff to give security for costs.

Upon the further ground of laches, we do not think that anything short of an overstrained interpretation of what constitutes laches can be found in the record before us, and we are unwilling to say that the defendant was guilty of such laches as to lose the benefit of the remedy given him by the section considered.

The order appealed from must therefore be reversed, with costs, and the plaintiff be required to give security in accordance with the requirements of section 3268 of the Code. All concur.